# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

CHARLES DOONER, FREDERICK R. SHELLHAMMER, III, THOMAS FOLEY, DAVID LEPPO, and ANTHONY CHELPATY, *Individually and on behalf of all others similarly situated,*

Plaintiffs,

v.

HAIER US APPLIANCE SOLUTIONS, INC., d/b/a GE APPLIANCES, a Delaware Corporation.

Defendant.

INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA

INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER STATE WAGE AND HOUR LAWS

Case No.

**JURY TRIAL DEMANDED**

## INDIVIDUAL, COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Plaintiffs CHARLES DOONER, FREDERICK R. SHELLHAMMER, III, THOMAS FOLEY, DAVID LEPPO, and ANTHONY CHELPATY, ("Named Plaintiffs"), through their undersigned attorneys, bring this action against Defendant HAIER COMPANY, US APPLIANCE SOLUTIONS, INC., d/b/a GE APPLIANCES, ("Defendant" or "Haier"), on behalf of themselves individually and all others similarly situated, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §201, et seq., and pursuant to the wage and hour laws of multiple states.

**INTRODUCTION**

1.      This action is brought to recover for Named Plaintiffs, and those similarly situated to them, unpaid wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs of this action from Defendant Haier pursuant to the FLSA, 29 U.S.C. §216(b), and, pursuant to the wage and hour laws of multiple states, including New Jersey, Pennsylvania, and Illinois, to recover for Named Plaintiffs, and those similarly situated, unpaid applicable minimum wages, unpaid wages at the agreed rates of pay, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs of this action from Defendant Haier.

2.      Named Plaintiffs have initiated the instant action to redress violations by Defendant of the FLSA.  Named Plaintiffs assert that Defendant failed to pay wages and overtime pay to Named Plaintiffs and those similarly situated for certain hours worked in violation of the FLSA.

3.      In January of 2014, a group of service technicians of GE Appliances filed a lawsuit seeking pay for, *inter alia*, the time they spent each morning performing work activities from home and the time it took them to drive to the first customer of the day following the completion of such work activities at home.  The lawsuit was filed in the United States District Court for the District of New Jersey, and is styled *Donald Maddy, et al. v. General Electric Co.*, 14-cv-490 ("the *Maddy* Litigation").  This Court certified the *Maddy* Litigation as a nationwide class and collective action and the suit involved the rights of more than 1,000 service technicians of General Electric.

4.     The *Maddy* Litigation is currently pending final settlement approval before this Court.  The Court preliminarily approved a settlement for $9.5 million dollars, to be paid by General Electric, and which resolved claims which were incurred by service technicians on or before December 31, 2016 asserting that GE Appliances service technicians were not paid for all hours worked.  The release releases both General Electric Co., and its successor, Defendant Haier, from liability during the release period.

5.     The instant action only seeks damages for claims incurred following the release period.

6.     On June 6, 2016, Defendant Haier purchased GE Appliances from General Electric Company.

7.     As of the filing date of this lawsuit, Defendant Haier has not substantively changed its policy and practice of requiring service technicians to perform work prior to their first call of the day without compensation.

8.     This action is brought against Defendant Haier for failure to pay for all hours worked, including failure to pay for overtime, where such failure occurred on or after January 1, 2017 to the present date and continuing.

9.     Named Plaintiff Charles Dooner ("Plaintiff Dooner"), in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the New Jersey Wage and Hour Law, N.J.S.A. 34:11 – 56a et seq. ("NJWHL") and the New Jersey Wage Payment Collection Law, N.J.S.A. 34:11-4.1 et seq. ("NJWPCL") (collectively, "New Jersey Wage Laws").  Plaintiff Dooner asserts Defendant failed to pay him, and those similarly situated proper overtime compensation and wages for all hours worked, in violation of New Jersey Wage Laws.

10.    Named Plaintiff Frederick Shellhammer, III ("Plaintiff Shellhammer") in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Pennsylvania Minimum Wage Act, 43P.S. §§333.101-.115 ("PMWA") and the Pennsylvania Wage Payment Collection Law, 43 P.S. §260.1 et seq. ("PWPCL") (collectively "Pennsylvania Wage Laws"). Plaintiff Shellhammer asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Pennsylvania Wage Laws.

11.    Named Plaintiff Thomas Foley ("Plaintiff Foley") in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Illinois Wage Payment and Collection Act, 802 Ill. Comp. Stat. 115/1, and the Illinois Minimum Wage Act, 7820 Ill. Comp. Site. State 105/1, and regulations promulgated thereunder (collectively "Illinois Wage Laws"). Plaintiff Foley asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of the Illinois Wage Laws.

## JURISDICTION AND VENUE

12.    The foregoing paragraphs are incorporated herein as if set forth in full.

13.    This Court has personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

14.    This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims

because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

15.     Venue is properly in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

16.     The foregoing paragraphs are incorporated herein as if set forth in full.

17.     Plaintiff Dooner is an adult individual who resides in New Jersey.

18.     At all times relevant herein, Plaintiff Dooner worked for Defendant in New Jersey.

19.     Plaintiff Shellhammer is an adult individual who resides in Pennsylvania.

20.     At all times relevant herein, Plaintiff Shellhammer worked for Defendant in Pennsylvania.

21.     Plaintiff Leppo is an adult individual who resides in Florida.

22.     At all times relevant herein, Plaintiff Leppo worked for Defendant in Florida.

23.     Plaintiff Chelpaty is an adult individual who resides in Delaware.

24.     At all times relevant herein, Plaintiff Chelpaty worked for Defendant in Delaware.

25.     Plaintiff Foley is an adult individual who resides in Illinois.

26.     At all times relevant herein, Plaintiff Foley worked for Defendant in Illinois.

27.     Defendant Haier US Appliance Solutions, Inc. is a Delaware corporation.  Since June 6, 2016 to the present date, Defendant Haier has done business throughout the United States, including in the states of New Jersey, Pennsylvania, Florida, Delaware, and Illinois.

28.     Since January 1, 2017 through the present date and continuing (the "Relevant Period") Defendant Haier failed to pay the Named Plaintiffs, and those similarly situated, for work activities they were required to perform prior to their first call of the day, in violation of the FLSA and state law.  Because Named Plaintiffs work 40 or more hours per week, the failure to pay for such time constitutes a failure to pay for all overtime worked.

29.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times within the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

### General Allegations

30.     The foregoing paragraphs are incorporated herein as if set forth in full.

31.     In addition to bringing this action individually, Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Service Technicians currently and formerly employed by Defendant subject to Defendant's unlawful pay practices and policies and who, since January 1, 2017 to the present date and continuing during the pendency of the litigation, Defendant failed to pay for all overtime worked (members of this putative class are referred to as "Collective Plaintiffs").

32.     Named Plaintiffs and Collective Plaintiffs work and/or worked for Defendant in the United States during workweeks which were paid on or after January 1, 2017.

33.     Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are (or have been) subject to Defendant's unlawful policies and practices as discussed infra.

34.     There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who may benefit from the issuance of a Court Supervised Notice of the instant lawsuit advising of their right to join in the present lawsuit, in accordance with 29 U.S.C. §216(b).

35.     There are numerous similarly situated current and former employees of Defendant who Defendant failed to pay for pre-shift and post-shift activities and who may benefit from the issuance of a Court Supervised Notice of the instant lawsuit advising of their right to join in the present lawsuit.

36.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and may be located through Defendant's records.

37.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

### *Class of New Jersey Employees*

38.     The foregoing paragraphs are incorporated herein as if set forth in full.

39.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Dooner brings his claim for relief to redress Defendant's violations of the New Jersey Wage Laws on behalf of himself and those similarly situated.

40. Specifically, Plaintiff Dooner seeks to bring this action on behalf of all Service Technicians presently and formerly employed by Defendant in New Jersey subject to Defendant's unlawful pay practices and policies and who, since January 1, 2017 to the present date and continuing, Defendant failed to pay for all overtime worked (members of this putative class are referred to as "New Jersey Plaintiffs").

41. Plaintiff Dooner and New Jersey Plaintiffs are similarly situated, have been subject to substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

42. The class is so numerous that the joinder of all class members is impracticable, because the New Jersey class, alone or along with Plaintiffs in states with similar law, is more than 40 Plaintiffs.

43. Plaintiff Dooner's claims are typical of the claims of New Jersey Plaintiffs, because Plaintiff Dooner, like all New Jersey Plaintiffs, was employed by Defendant during the relevant time period in New Jersey (1) whom Defendant forced to work off-the-clock and (2) whom Defendant required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by New Jersey Wage Laws.

44. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

45. Therefore, Plaintiff Dooner should be permitted to bring this action as a class action for and on behalf of himself and those New Jersey employees similarly situated.

### *Class of Pennsylvania Employees*

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Shellhammer brings his claims for relief to redress Defendant's violations of the Pennsylvania Wage Laws on behalf of himself and those similarly situated.

48.     Specifically, Plaintiff Shellhammer seeks to bring this action on behalf of all Service Technicians presently and formerly employed by Defendant in Pennsylvania subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any time since January 1, 2017 to the present date and continuing (members of this putative class are referred to as "Pennsylvania Plaintiffs").

49.     Plaintiff Shellhammer and Pennsylvania Plaintiffs are similarly situated, have been subject to substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

50.     The class is so numerous that the joinder of all class members is impracticable, because the Pennsylvania class, alone or along with Plaintiffs in states with similar law, is more than 40 Plaintiffs.

51.     Plaintiff Shellhammer's claims are typical of the claims of Pennsylvania Plaintiffs, because Plaintiff Shellhammer, like all Pennsylvania Plaintiffs, was employed by Defendant since January 1, 2017 and continuing in Pennsylvania (1) whom Defendant forced to work off-the-clock and (2) whom Defendant required to work more than 40 hours per workweek and then failed to pay proper wages and overtime wages as required by Pennsylvania Wage Laws.

52.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

53.     Therefore, Plaintiff Shellhammer should be permitted to bring this action as a class action for and on behalf of himself and those Pennsylvania employees similarly situated.

### *Class of Illinois Employees*

54.     The foregoing paragraphs are incorporated herein as if set forth in full.

55.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Foley brings his claims for relief to redress Defendant's violations of the Illinois Wage Laws on behalf of himself and those similarly situated.

56.     Plaintiff Foley seeks to bring this action on behalf of all Service Technicians presently and formerly employed by Defendant in Illinois subject to Defendant's unlawful pay practices and policies and who, since January 1, 2017 to the present date and continuing, Defendant failed to pay for all overtime worked (members of this putative class are referred to as "Illinois Plaintiffs").

57.     Plaintiff Foley and Illinois Plaintiffs are similarly situated, have been subject to substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

58.     The class is so numerous that the joinder of all class members is impracticable, because the Illinois class, alone or along with Plaintiffs in states with similar law, is more than 40 Plaintiffs.

59.     Plaintiff Foley's claims are typical of the claims of Illinois Plaintiffs, because Plaintiff Foley, like all Illinois Plaintiffs, was employed by Defendant during the relevant time period in Illinois (1) whom Defendant forced to work off-the-clock and (2) whom Defendant required to work more than 40 hours per workweek and then failed to pay proper wages and overtime wages as required by Illinois Wage Laws.

60.    Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

61.    Therefore, Plaintiff Foley should be permitted to bring this action as a class action for and on behalf of himself and those Illinois employees similarly situated.

## **FACTUAL BACKGROUND**

62.    The foregoing paragraphs are incorporated herein as if set forth in full.

63.    Plaintiff Dooner has been employed by Defendant as a service technician since January 1, 2017, and continues to be employed by Defendant.

64.    Plaintiff Shellhammer has been employed by Defendant as a service technician since January 1, 2017, and continues to be employed by Defendant.

65.    Plaintiff Leppo has been employed by Defendant as a service technician since January 1, 2017, and continues to be employed by Defendant.

66.    Plaintiff Chelpaty has been employed by Defendant as a service technician since January 1, 2017, and continues to be employed by Defendant.

67.    Plaintiff Foley has been employed by Defendant as a service technician since January 1, 2017, and continues to be employed by Defendant.

68.    Defendant committed the wage and hour violations against Named Plaintiffs since January 1, 2017, and continues to commit such violations currently to those Named Plaintiffs currently employed by Defendant.

69.    Named Plaintiffs, Collective Plaintiffs, New Jersey Plaintiffs, Pennsylvania Plaintiffs and Illinois Plaintiff (collectively referred to herein as "Plaintiffs") are those who since January 1, 2017 and continuing to the present date have not been paid for all overtime

worked while employed as service technicians for Defendant (this period is referred to herein as the "Relevant Period").

70. Upon information and belief, Defendant has maintained an unlawful wage payment system since at least from January 1, 2017, nationwide, and has enforced such unlawful policies nationwide to all of its service technicians.

71. Throughout the Relevant Period, Defendant Haier, through its managers, supervisors and other management employees directly or indirectly acted in the interest of an employer toward Plaintiffs, and other similarly situated employees, including controlling the terms of employment and compensation of Plaintiffs, and others similarly situated.

72. Throughout the Relevant Period, Defendant Haier, was an enterprise engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. §§ 203(r) and (s). The annual gross sales volume of Defendant Haier was in excess of $500,000.00.

73. Throughout the Relevant Period, Named Plaintiffs and those similarly situated during the Relevant Period worked for Defendant Haier as non-exempt service technicians and were compensated on an hourly basis for the work they performed pursuant to an agreed regular rate of pay, which for certain Named Plaintiffs and those similarly situated such agreed regular rate of pay was based on the applicable Collective Bargaining Agreement between Defendant and those Plaintiffs' authorized collective bargaining representative.

74. Throughout the Relevant Period, Defendant Haier organized business, GE Appliances into "Regions" and "Zones" throughout the United States.

75. Throughout the Relevant Period, Named Plaintiffs and other employees similarly situated worked in specific Regions and Zones reported to Customer Service Managers (CSM) who managed multiple zones.

76.     Throughout the Relevant Period, Named Plaintiffs regularly worked over forty (40) hours per week during their employment. However, Defendant Haier did not compensate Named Plaintiffs, and the other similarly situated employees, for all the hours and overtime hours worked including, without limitation, time Named Plaintiffs spent at the beginning of the shift performing tasks such as logging on to Haier's service tech computer to download jobs, responding to e-mails and other computer work – and then traveling from their residence to their first job of the day.

77.     Throughout the Relevant Period and continuing, Defendant Haier failed to comply with the pay and overtime pay requirements of the FLSA, U.S.C. §§ 201-209, because Named Plaintiffs and those employees similarly situated performed labor for Defendant Haier for which Defendant Haier failed to pay Named Plaintiffs and the other similarly situated employees the compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) hours within a 7 day workweek at the rate of one and one-half times their regular rate of pay.

78.     Throughout the Relevant Period, Defendant Haier had in place policies and procedures purportedly requiring Named Plaintiffs and other similarly situated employees to properly report their daily start and stop times, and any overtime hours. Also, Defendant Haier's claimed policy and practice was to ensure Named Plaintiffs and similarly situated employees were fully compensated for all hours worked, including pay for all overtime hours.

79.     Throughout the Relevant Period, in direct violation of the FLSA and the applicable law requiring compensation for work performed during a continuous workday, Defendant Haier through its policies, practices and communications advised Named Plaintiffs and those similarly situated that the time they spent on Defendant Haier's computer system in

the morning before their first call, the time they spend loading parts and preparing their van, and the time thereafter spent driving to their first service call of the day was not compensable time.

80. Throughout the Relevant Period and continuing, Defendant Haier failed to comply with the overtime pay requirements of the FLSA, 29 U.S.C.§ 207, as Named Plaintiffs and others similarly situated performed labor for Defendant Haier for which Defendant Haier failed to pay Named Plaintiffs and others similarly situated, the compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) hours within a 7 day workweek at the rate of one and one-half times their regular rate of pay.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Claim for Unpaid Wages and Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendant)**

81. The foregoing paragraphs are incorporated herein as if set forth in full.

82. Defendant failed to pay Plaintiffs, and all other employees similarly situated to them, their regular rate of pay for all hours worked, up to forty (40) hours per week, in one or more weeks during the Relevant Period and continuing.

83. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendant Haier during the Relevant Time Period.

84. Also, other service technicians, who were similarly situated to Plaintiffs, were employed by Defendant Haier and regularly worked in excess of forty (40) hours in one or more workweeks during their employment with Defendant Haier during the Relevant Period and continuing.

85. Defendant failed to pay Plaintiffs, and the other employees similarly situated to them, one and one-half times their regular rate of pay for all overtime hours worked, in one or more workweeks, during the Relevant Time Period.

86. Any time records and the compensation records of the amounts actually paid to Plaintiffs, and all other similarly situated employees, are in the possession and custody of Defendant Haier.

87. Plaintiffs are entitled to be paid their regular rate of pay for each hour worked up to 40 hours per week during employment with Defendant Haier during the Relevant Time Period and continuing in the future.

88. All similarly situated employees of Defendant Haier also are owed unpaid wages.

89. Plaintiffs are entitled to be paid one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours per workweek during their employment with Defendant Haier during the Relevant Time Period.

90. All similarly situated employees of Defendant Haier also are owed unpaid overtime wages for each overtime hour they worked but were not properly paid since January 1, 2017 to the present date.

91. Defendant Haier did not have a reasonable and good faith basis to not pay Plaintiffs, and the other employees similarly situated to them, their regular rate of pay for all hours worked up to forty (40) hours in a week, at time and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a week since January 1, 2017 to present date, and, therefore, are entitled to liquidated damages.

92. As a result of Defendant Haier's intentional and willful failure to pay wages and overtime wages in accordance with the FLSA, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurred costs of this suit and reasonable attorneys' fees.

93. As a result of Defendant Haier's willful violations of the FLSA, the Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

94. Plaintiffs have retained the undersigned attorneys to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant Haier.

95. Plaintiffs demand a jury by trial.

**COUNT II**
**New Jersey Wage and Hour Law**
**(Failure to pay Overtime Compensation)**
**(Plaintiffs Dooner and New Jersey Plaintiffs v. Defendant)**

96. The foregoing paragraphs are incorporated herein as if set forth in full.

97. At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34:11 – 56a et seq. and related regulations (collectively the "NJWHL").

98. At all times relevant herein, Defendant was responsible for paying wages to Plaintiffs Dooner and New Jersey Plaintiffs.

99. At all times relevant herein, Plaintiffs Dooner and New Jersey Plaintiffs were employed with Defendant as "employees" within the meaning of the NJWHL.

100. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

101. Defendant's violations of the NJWHL include, but are not limited to, not paying Plaintiffs Dooner and New Jersey Plaintiffs for time worked on pre-shift and post-shift activities, during the applicable statute of limitations period.

102. Defendant's conduct in failing to pay Plaintiffs Dooner and New Jersey Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

103. As a result of Defendant's unlawful conduct, Plaintiffs Dooner and New Jersey Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**New Jersey Wage Payment Collection Law**
**(Failure to pay Wages Earned)**
**(Plaintiffs Dooner and New Jersey Plaintiffs v. Defendant)**

104. The foregoing paragraphs are incorporated herein as if set forth in full.

105. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the New Jersey Wage Payment Collection Law, N.J.S.A. 34:11 – 4.1 et seq. and related regulations (collectively the "NJWPCL").

106. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Dooner and New Jersey Plaintiffs.

107. At all times relevant herein, Plaintiff Dooner and New Jersey Plaintiffs were employed with Defendant as "employees" within the meaning of the NJWPCL.

108. Under the NJWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

109. Defendant's violations of the NJWPCL include, but are not limited to not paying Plaintiff Dooner and New Jersey Plaintiffs for time worked on pre-shift and post-shift activities, during the applicable statute of limitations period.

110.	Defendant's conduct in failing to pay Plaintiff Dooner and New Jersey Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

111.	As a result of Defendant's unlawful conduct, Plaintiff Dooner and New Jersey Plaintiffs have suffered damages as set forth herein.

**COUNT IV**
**Pennsylvania Minimum Wage Act**
**(Failure to pay Overtime Compensation)**
**(Plaintiff Shellhammer and Pennsylvania Plaintiffs v. Defendant)**

112.	The foregoing paragraphs are incorporated herein as if set forth in full.

113.	At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101-.115 and related regulations (collectively the "PMWA").

114.	At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Shellhammer and Pennsylvania Plaintiffs.

115.	At all times relevant herein, Plaintiff Shellhammer and Pennsylvania Plaintiffs were employed with Defendant as "employees" within the meaning of the PMWA.

116.	Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

117.	Defendant's violations of the PMWA include, but are not limited to, not paying Plaintiff Shellhammer and Pennsylvania Plaintiffs for time worked on pre-shift and post-shift activities, during the applicable statute of limitations period.

118.	Defendant's conduct in failing to pay Plaintiff Shellhammer and Pennsylvania Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

119. As a result of Defendant's unlawful conduct, Plaintiff Shellhammer and Pennsylvania Plaintiffs have suffered damages as set forth herein.

## COUNT V
## Pennsylvania Wage Payment Collection Law
## (Failure to pay Wages Earned)
## (Plaintiffs Shellhammer and Pennsylvania Plaintiffs v. Defendant)

120. The foregoing paragraphs are incorporated herein as if set forth in full.

121. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the Pennsylvania Wage Payment Collection Law, 43 P.S. §260.1 et seq. and related regulations (collectively the "PWPCL").

122. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Shellhammer and Pennsylvania Plaintiffs.

123. At all times relevant herein, Plaintiff Shellhammer and Pennsylvania Plaintiffs were employed with Defendant as "employees" within the meaning of the PWPCL.

124. Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

125. Defendant's violations of the PWPCL include, but are not limited to not paying Plaintiff Shellhammer and Pennsylvania Plaintiffs for time worked on pre-shift and post-shift activities, during the applicable statute of limitations period.

126. Defendant's conduct in failing to pay Plaintiff Shellhammer and Pennsylvania Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

127. As a result of Defendant's unlawful conduct, Plaintiff Shellhammer and Pennsylvania Plaintiffs have suffered damages as set forth herein.

## COUNT VI
### Illinois Wage Payment Act
### (Failure to Pay Wages Earned)
### (Plaintiff Foley and Illinois Plaintiffs v. Defendant)

128. The foregoing paragraphs are incorporated herein as if set forth in full.

129. At all times relevant herein, Defendant has continued to be an employer within the meaning of the Illinois Wage Payment and Collection Act, §820, Ill. Comp. Stat. §105/1, et seq. and related regulations (collectively the "Illinois Wage Act").

130. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Foley and Illinois Plaintiffs.

131. At all times relevant herein, Plaintiff Foley and Illinois Plaintiffs were employed with Defendant as "employees" within the meaning of the Illinois Wage Act.

132. Under the Illinois Wage Act, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

133. Defendant's violations of the Illinois Wage Act include, but are not limited to, not paying Plaintiff Foley and Illinois Plaintiffs for time worked on pre-shift and post-shift activities, during the applicable statute of limitations period.

134. Defendant's conduct in failing to pay Plaintiff Foley and Illinois Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

135. As a result of Defendant's unlawful conduct, Plaintiff Foley and Illinois Plaintiffs have suffered damages as set forth herein.

## COUNT VII
### Illinois Minimum Wage Act
### (Failure to Pay Overtime Compensation)
### (Plaintiff Foley and Illinois Plaintiffs v. Defendant)

136. The foregoing paragraphs are incorporated herein as if set forth in full.

137. At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the Illinois Minimum Wage Law, Ill. Comp. State §105/I, et seq. and related regulations (collectively the "IMWL").

138. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Foley and Illinois Plaintiffs.

139. At all times relevant herein, Plaintiff Foley and Illinois Plaintiffs were employed with Defendant as "employees" within the meaning of the IMWL.

140. Under the IMWL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

141. Defendant's violations of the IMWL include, but are not limited to, not paying Plaintiff Foley and Illinois Plaintiffs for time worked on pre-shift and post-shift activities, during the applicable statute of limitations period.

142. Defendant's conduct in failing to pay Plaintiff Foley and Illinois Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

143. As a result of Defendant's unlawful conduct, Plaintiff Foley and Illinois Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to compensate, reimburse, and make Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings. Named Plaintiffs and Collective Plaintiffs, and Class Plaintiffs should be accorded those benefits illegally withheld;

(2)     Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs are to be awarded liquidated damages, treble damages, and/or punitive damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(3)     Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

(4)     Those similarly situated current and former employees of Defendant Haier are entitled to join this case as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

(5)     This matter is may proceed as a class action pursuant to Fed. R. Civ. P. 23.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N, Ste. 402
Cherry Hill, NJ  08034
Telephone: (856) 685-7420
Facsimile: (856) 685-7417
E-mail: jswidler@swartz-legal.com
E-mail: rswartz@swartz-legal.com

*/s/ Robert D. Soloff*
Robert D. Soloff, Esq.
**ROBERT D. SOLOFF, P.A.**
7805 S.W. 6th Court
Plantation, Florida 33324
Phone: (954) 472-0002
Facsimile: (954) 472-0052
E-mail: robert@solofflaw.com
*Pro Hac Vice to be filed promptly*

*/s/ Alan Eichenbaum*
 Alan Eichenbaum, Esq.
**LAW OFFICES OF ALAN EICHENBAUM**
7890 Peters Road
Suite G-102
Plantation, Florida 33324
Phone: (954) 900-4919
Facsimile: (954) 900-4919
E-mail: alanlaw@bellsouth.net
*Pro Hac Vice to be filed promptly*

Attorneys for Plaintiffs

Dated: March 10, 2017